## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 14-cr-372 |
| | ) | |
| **Plaintiff,** | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **MICHAEL G. RELLIFORD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Defendant Michael Relliford's Motion for Compassionate Release, **Doc #: 21**. Relliford moves for relief because he is concerned about contracting COVID-19 in the prison where he is held. Doc #: 21.

The statute which authorizes compassionate release, 18 U.S.C. § 3582(c)(1), contains an exhaustion requirement. This exhaustion requirement mandates that a defendant first ask the Bureau of Prisons ("BOP") to bring a motion for compassionate release on his or her behalf. 18 U.S.C. § 3582(c)(1). A defendant may then file a motion for compassionate release with a court after:

> [T]he defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).

This exhaustion requirement is a mandatory claim-processing rule which must be enforced when properly invoked. *United States v. Alam*, 2020 U.S. App. LEXIS 17321, at *5-6 (6th Cir. June 2, 2020). A mandatory claim-processing rule is properly invoked when a party timely raises it. *See id.* That said, courts may sua sponte raise and enforce mandatory claim-processing rules. *See United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011).

This Court now sua sponte enforces the exhaustion requirement. Section 3582(c)(1)(A) contemplates the BOP first reviewing whether a defendant should receive compassionate release. This serves an important purpose here – the BOP is in the best position to know the condition of its prisons and the remedial actions taken to prevent the spread of COVID-19. And if the BOP's review is unsatisfactory, the longest a defendant has to wait before filing his or her motion with a court is 30 days, a reasonable timeframe. *Alam*, 2020 U.S. App. LEXIS 17321, at *11.

Relliford's Motion is silent as to whether he satisfied the exhaustion requirement. Accordingly, Relliford's Motion, **Doc #: 21**, is **DENIED WITHOUT PREJUDICE**. Relliford may file a motion for compassionate release once he has presented his request to the warden of his facility and either (1) he has exhausted all administrative rights to appeal the failure of the BOP to bring a motion on his behalf or (2) 30 days pass from the day the warden received the request.[1]

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster June 23, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**

---

[1] On June 23, 2020, the Court appointed a Federal Public Defender who may assist Relliford in refiling his motion once Relliford has exhausted his administrative remedies.