**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **CASE NO: 1:14-CR-372** |
| ) | |
| **v.** ) | **Judge Dan Aaron Polster** |
| ) | |
| **MICHAEL G. RELLIFORD,** ) | **OPINION AND ORDER** |
| ) | |
| **Defendant.** ) | |
| ) | |

Before the Court is Defendant Michael G. Relliford's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), **Doc #: 26**. For the following reasons, Relliford's Motion is **DENIED**.

**I.    Background**

Relliford pleaded guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i) and felon in possession of a firearm in violation of 18 U.S.C. § 922(c)(1)(A)(i). Doc #: 13. He subsequently was sentenced to ten years in custody of the Bureau of Prisons, with credit for time already served in custody since October 28, 2014. Doc #: 20. Relliford is currently held at Federal Correctional Institute Terre Haute ("FCI Terre Haute") and has an expected release date of July 27, 2023.

1

Relliford first filed a motion to reduce sentence on June 21, 2020. Doc #: 21. This Court appointed a Federal Public Defender for Relliford, non-document order dated June 23, 2020, and Denied Relliford's Motion for failure to exhaust administrative remedies. Doc #: 22. Relliford since satisfied the exhaustion requirement[1] and his counsel filed the pending Motion, Doc #: 26.

## II. Discussion

Under § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community, and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

### A. Extraordinary and Compelling Reasons

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Here, the only relevant category is the fourth category, labeled "other reasons." *Id.* at 8. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *Id.*

The Court does not doubt that Relliford is at high risk of having grave complications should he contract COVID-19. Relliford is obese with a body mass index of 44.2 and has psoriasis and

---

[1] A defendant satisfies 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement before filing a motion for sentence reduction. FCI Terre Haute's Warden received Relliford's request more than 30 days ago. *See* Doc #: 26-1. Accordingly, Relliford has satisfied the exhaustion requirement. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them.").

2

psoriatic arthritis, for which he takes a medication that affects his immune system, Doc #: 26 at 4. The Centers for Disease Control and Prevention provides that obesity (body mass index of 30 or higher) increases a person's risk of severe illness from COVID-19 and that immune weakening medications may increase a person's risk of severe illness from COVID-19.[2]

The Court is less certain whether FCI Terre Haute is experiencing a severe outbreak. The Bureau of Prisons ("BOP") is inconsistent on the status of COVID-19 in FCI Terre Haute. The portion of the BOP's website labeled "COVID-19 Cases" provides that there are no active COVID-19 cases and only one inmate and two staff members had COVID-19 and since recovered.[3] Yet the portion of the BOP's website labeled "COVID-19 Inmate Test Information" provides that eight inmates have tested positive.[4] Thus the Court is not confident which, if either, number of confirmed COVID-19 cases in FCI Terre haute is accurate.

The Court need not now decide whether FCI Terre Haute is experiencing a severe COVID-19 outbreak because even if it is, Relliford is not entitled to compassionate release because he is a danger to other persons and the community and the § 3553(a) factors weigh against release.

### B. Danger to Safety of Other Persons or Community

For a court to grant compassionate release, it must also find that the "defendant [is not] a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." *Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (quoting United States Sentencing Commission, Guidelines Manual, § 1B1.13(2) (Nov. 2018)). Section 3142(g) calls for courts to consider: (1) the nature of the circumstances of the offense charged; (2) the weight

---

[2] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 8/4/2020).
[3] *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited 8/4/2020).
[4] *Id.*

3

of the evidence against the defendant; (3) the history and characteristics of the defendant;[5] and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4).

Upon weighing these factors, the Court finds that Relliford is a danger to the safety of other persons and the community. Relliford was convicted of the dangerous combination of possession with intent to distribute heroin while illegally possessing a firearm. Doc #: 13. He also has been previously convicted of two drug crimes, including illegal manufacture of drugs. Doc #: 16 at 8. When considered together, this Court is persuaded that Relliford is a danger to the safety of other persons and the community.

### C. Section 3553(a) Factors

Finally, the § 3553(a) factors do not favor release. A court already considers these factors when sentencing a defendant. Upon a motion for compassionate release, a court determines whether the changed circumstances cause the § 3553(a) factors to be weighed differently. Generally, the § 3553(a) factors favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining. *Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at 10. Here, Relliford has nearly three years of his sentence remaining. Thus, the § 3553(a) factors do not support granting compassionate release.

---

[5] The history and characteristics of the defendant include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings[,] and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law" 18 U.S.C. § 3142(g)(3)(A)-(B).

### III. Conclusion

For the above reasons, Relliford's Motion, **Doc #: 36**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster August 5, 2020*
**Dan Aaron Polster**
**United States District Judge**